SCOT-17-0000777

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

IN THE MATTER OF CONTESTED CASE HEARING RE
CONSERVATION DISTRICT USE APPLICATION (CDUA) HA-3568
FOR THE THIRTY METER TELESCOPE AT THE MAUNA KEA SCIENCE
RESERVE, KAʻOHE MAUKA, HĀMĀKUA, HAWAIʻI, TMK (3)404015:009

_____

APPEAL FROM THE BOARD OF LAND AND NATURAL RESOURCES
(BLNR-CC-16-002 (Agency Appeal))

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RECONSIDERATION
(By: Recktenwald, C.J., McKenna, J., and Circuit Judge
Castagnetti, in place of Nakayama, J., recused,
with Pollack, J., concurring and dissenting separately, and
with Wilson, J., concurring and dissenting separately)

Upon consideration of the motion for reconsideration
filed on November 19, 2018 by Petitioners-Appellants Mauna Kea
Anaina Hou and Kealoha Pisciotta, Clarence Kukauakahi Ching,
Flores-Case ʻOhana, Deborah J. Ward, Paul K. Neves, and KAHEA:
The Hawaiian Environmental Alliance; the declaration in support
thereof; the joinders thereto; and the record and files herein,

IT IS HEREBY ORDERED that the motion for
reconsideration is granted in part and denied in part.  The
motion is granted in part to delete footnote 15.

IT IS HEREBY FURTHER ORDERED that the motion for
reconsideration is granted in part to modify footnote 17 to read
as follows:

> The Kihoi Appellants allege in Point of Error B(2) that the
> BLNR erred by stating that Article XII, Section 7 does not

protect contemporary Native Hawaiian cultural practices. The record reflects, however, that the BLNR appropriately took into account contemporary (as well as customary and traditional) Native Hawaiian cultural practices, finding and concluding that none were taking place within the TMT Project site or its immediate vicinity, aside from the recent construction of ahu to protest the TMT Project itself, which was not found to be a reasonable exercise of cultural rights. Further, although the BLNR defined the "relevant area" in its Ka Paʻakai analysis as the TMT Observatory site and Access Way, the Board's findings also identified and considered the effect of the project upon cultural practices in the vicinity of the "relevant area" and in other areas of Mauna Kea, including the summit region, as Ka Paʻakai requires. See 94 Hawaiʻi at 49, 7 P.3d at 1086 (faulting the agency for failing to address "possible native Hawaiian rights or cultural resources outside [the area at issue]").

This court will issue an Order of Correction and Amended Opinion incorporating these changes.

IT IS HEREBY FURTHER ORDERED that, in all other respects, the motion for reconsideration is denied.

DATED: Honolulu, Hawaiʻi, November 29, 2018.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Jeannette H. Castagnetti



2